EL PUEBLO, APELADO, *v.* BELPRÉ, APELANTE.

APELACIÓN procedente de la Corte de Distrito de Guayama.

No. 593.—Resuelto en mayo 19, 1913.

APELACIÓN—EXPOSICIÓN DEL CASO—CONDENA DOBLE.—Sin una exposición del caso no puede este tribunal considerar la alegación hecha por primera vez en apelación tendente a mostrar que por hechos ocurridos en el mismo día y en las mismas circunstancias se han impuesto al acusado dos condenas en lugar de una.
ID.—AUTOS DE OTRO CASO DISTINTO.—Cuando están pendientes de resolución dos casos contra un mismo acusado, esta corte no puede al resolver uno de ellos tomar en consideración lo que arrojen los autos del otro caso, a menos que éstos se sometan a la consideración de la corte haciéndolos parte de los autos del caso que se va a resolver.
ARMAS PROHIBIDAS—ALTERACIÓN DE LA PAZ PÚBLICA.—El delito de usar armas prohibidas puede ser denunciado y perseguido separadamente del delito de alteración de la paz pública, aunque ambos se originen de hechos realizados en el mismo día y en las mismas circunstancias por el mismo acusado.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

Abogado del apelante: *Sr. Luis Muñoz Morales.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto por Felipe Belpré contra sentencia que en grado de apelación y mediante celebración de nuevo juicio dictó la Corte de Dis-

trito de Guayama, condenando al apelante como culpable del
delito de portar armas prohibidas a la pena de dos meses de
cárcel y las costas.

La representación de la parte apelante ha alegado ante
esta Corte Suprema por escrito y oralmente que Belpré fué
penado por la Corte de Distrito de Guayama en virtud de
dos denuncias presentadas separadamente ante la corte mu-
nicipal del mismo nombre, una de ellas por alteración de la
paz pública y la otra por portar armas prohibidas, siendo
idénticos los hechos que sirvieron de fundamento a cada una
de dichas denuncias, sin otra variante que la de especificarse
en la segunda que el acusado portaba un revólver, por lo que
somete a la consideración de esta Corte Suprema la cuestión
legal de si ambos casos deben ser considerados conjuntamente
y resueltos por una misma sentencia con una sola pena, o si en
todo caso deben reducirse las penas impuestas a Belpré por
resultar excesivas.

En la transcripción de autos que tenemos a la vista no
hay pliego de excepciones ni escrito de exposición del caso y
sólo aparecen: 1º., el escrito de denuncia en que se imputa a
Belpré el hecho de que en 6 de noviembre del año próximo
pasado y en la Calle de Calimano, de Guayama, en los mo-
mentos en que se celebraba una manifestación política del
Partido Unión de Puerto Rico, el mencionado acusado, ilegal
y voluntariamente llevaba sobre su persona un revólver de 9
milímetros cuya arma le fué ocupada, encontrándose entonces
aquél en estado de embriaguez; 2º., la sentencia por la que la
Corte de Distrito de Guayama, después de haber hecho el
denunciado la alegación de culpable del delito de portar ar-
mas prohibidas, lo condenó a la pena de dos meses de cárcel
y las costas; 3º., el escrito del abogado del acusado interpo-
niendo contra dicha sentencia recurso de apelación para ante
esta Corte Suprema.

Como se ve, el récord no ha venido preparado en forma
tal que podamos considerar la alegación hecha ante esta corte
en apoyo del recurso, tendente a mostrar que por hechos

ocurridos en el mismo día y en las mismas circunstancias se han impuesto a Belpré dos condenas en lugar de una.

Una corte de apelación tomará en cuenta el contenido de sus propios autos cuando se le pida en debida forma, pero no tendrá en consideración, al resolver un caso, lo que arrojen los autos de otro caso distinto, a menos que éstos se sometan a la consideración del tribunal haciéndolos parte de los autos del caso que se considera. 3 Cyc., 179, 180.

De todos modos la denuncia que originó el presente caso se limitó al delito de uso de arma prohibida y ese hecho puede ser denunciado y perseguido separadamente del delito de perturbar la paz pública.

La pena impuesta no es excesiva.

El recurso debe declararse sin lugar y confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.